IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIS WANKEL,

Plaintiff,

vs. CIVIL NO. 03-1080 LFG/ACT

BENNINA ARMIJO-SISNEROS,
Second Judicial District Court
Clerk; and JUANITA DURAN,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**AND DISMISSING CASE WITHOUT PREJUDICE**

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Doc. 9] pursuant to Fed. R. Civ. P. 12(b)(6).[1] After careful consideration of Plaintiff Louis Wankel's ("Wankel") pleadings and pertinent law, the Court determines that Wankel failed to demonstrate this Court's jurisdiction, and, further, he has failed to state a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss will be granted.

**Jurisdictional Prerequisites**

It is unclear why this lawsuit is in federal court. Wankel asserts in paragraph 1 of his "Complaint [for] judicial review of bill in equity," that this Court's jurisdiction is based on 28 U.S.C. §§ 1331 [federal question] 1338 [patents, plant variety protection, copyright, mask works, design, trademarks, and unfair competition] and 1367 [pendent jurisdiction].

[1]Defendants are the Clerk and former Clerk of the Court for the Second Judicial District, Bernalillo County, State of New Mexico.

However, Wankel fails to identify any claim arising under the United States Constitution, federal laws or treaties of the United States. In paragraph 14, Wankel states that he "requests judicial review of his administrative process and remedy" and requests that the Court "execute on the law of contract . . . ." He does not identify any administrative process or contract that invokes a federal question. Thus, there appears to be no federal question before the Court, and therefore no jurisdiction under 28 U.S.C. § 1331. However, he fails to allege any patent, copyright, design or trademark which has been infringed or any plant variety in need of protection, any mask works in jeopardy, or the existence of any unfair competition. Thus, jurisdiction cannot be based on 28 U.S.C. § 1338. Additionally, 28 U.S.C. § 1367 affords Wankel no jurisdictional comfort. This statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

As Wankel cannot demonstrate that the district court has original jurisdiction on any civil action before the court, his claim for pendent jurisdiction similarly fails.

Wankel does not seek to invoke diversity jurisdiction. Indeed, he could not. In paragraphs 3 and 4, he notes that both he and the court clerks whom he sued are residents of New Mexico. From the face of Wankel's complaint, it is clear that there is no basis for federal court jurisdiction, and on that basis alone, the complaint is subject to dismissal. Even if Wankel could demonstrate the existence of this Court's jurisdiction, the complaint is still subject to dismissal under Rule 12(b)(6).

**Legal Standard Under Fed. R. Civ. P. 12(b)**

The Court is mindful, as it must be, that Wankel is representing himself in this matter. As a *pro se* plaintiff, Wankel's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980).

Courts are circumspect in reviewing pleadings submitted by *pro se* litigants. The pleadings are often inartful and are rarely composed to the standards expected of practicing attorneys. Therefore, *pro se* pleadings are viewed with considerable liberality and are held to a less stringent standard than that expected of practicing attorneys. Id. Notwithstanding this liberality, however, unrepresented plaintiffs are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). In other words, a party's *pro se* status will not protect him/her against dismissal of a patently frivolous lawsuit. A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claims that would entitle the pleader to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).

In deciding whether dismissal of a lawsuit under 12(b)(6) is proper, the Court must accept as true all well-pleaded facts. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995). The obligation to accept well-pleaded facts, however, is distinguished from any obligation to accept conclusory allegations. Maher, *supra*, 15 1304. The pleader must, at a minimum, demonstrate factual allegations on material elements of a cause of action. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The basis of Wankel's claim, as can be drawn from the complaint, is unclear. While he names two court clerks as defendants, he never states what it is that they allegedly did or failed to do that breaches some duty owed to him. While the Court accepts as true well-pleaded facts, there are none pled in Wankel's complaint that state any cause of action.

**Analysis**

Wankel liberally peppers his Complaint with legal words and phrases, generally arising from commercial law and the Uniform Commercial Code. In paragraph 2, where he states why venue is appropriate in this district, he refers to the "substantial events, omissions, contracts and breach giving rise to this claim . . . ." However, nowhere does he indicate what contract he alleges was breached or how it was that he had a contract with the clerks of the court. He contends that he has "exhausted State and administrative remedy and comes to this court of equity with clean hands and in good faith." (Complaint, ¶ 6). He alleges that his claim is "ripe for judicial review" (¶ 10], but never comes around to identifying his claim. Wankel fails to identify to what administrative process he refers, what issue was presented, or how it was resolved. He further fails to demonstrate how review of an administrative decision, if any, is properly before the federal court.

Wankel contends that he has established "judgment and estoppel" against the clerks of the court by evidence of their "Non-Response" and "resulting Notice of Dishonor." He contends that his alleged remedy is "*res judicata*" and that the clerks' failure to respond constitutes "*stare decisis*." Wankel requests "relief in this equitable claim," asks that the Defendants be "estopped for failure to respond to original administrative process," and that the Court grant "summary judgment on his administrative remedy," and further award him the sum of $65,000,000. Wankel's liberal use of legal terms, words and phrases will not convert an insufficient pleading into one that states an actionable

cause. To do so would be, as the idiom says, to "make a silk purse out of a sow's ear."

In their motion, Defendants provide a significant amount of information concerning Wankel's prior disputes with Bernalillo County over zoning issues, as well as his ongoing disputes with various State judges who heard a zoning case relating to Wankel. Because consideration of matters outside of the pleadings would convert Defendants' motion to a Fed. R. Civ. P. 56 motion, the Court declines to consider any matters outside the Complaint. Thus, Wankel's complaint is considered under 12(b)(6) standards based on an examination of the complaint, and not those arising under Rule 56.

The Court concludes that Wankel's Complaint fails to state a cause of action that Defendants are entitled to judgment in their favor, and an award of their costs for defending this action. Fed. R. Civ. P. 54(d).

IT IS THEREFORE ORDERED that Defendants' motion to dismiss [Doc. 9] is granted and this case is dismissed without prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge